## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ALAN SHARR, et al.,

      Plaintiffs,

      v.

CITY OF SCRANTON,

      Defendant.

CIVIL ACTION NO. 3:23-cv-00826

(SAPORITO, C.M.J.)

## <u>MEMORANDUM</u>

This is a federal civil rights action, brought by three retirees—Alan Sharr, Margaret Garvey, and Joseph Nagy, against their former employer, the City of Scranton. Each of the three plaintiffs accepted an early retirement incentive from the City. Years later, their monthly pension benefit payments were reduced by the City. In doing so, the plaintiffs claim that the City violated their Fourteenth Amendment due process and equal protection rights, made actionable by 42 U.S.C. § 1983. For relief, the plaintiffs seek declaratory judgment, compensatory damages, costs and attorney fees. Doc. 1.

The defendant has moved to dismiss the action for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 5. The motion is fully briefed and

ripe for decision. *See* Doc. 11; Doc. 15.

I.   ALLEGATIONS OF THE COMPLAINT[1]

The three plaintiffs were all longtime employees of the City.

In December 2002, the City extended a one-time offer for early retirement for qualified employees. The proposal allowed any employee under age 55 who had twenty-five years or more of service to the City to retire no later than December 31, 2002, with retirement pension and healthcare benefits. Plaintiffs Garvey and Sharr were among a group of twenty-five City employees to accept this early retirement offer.

In 2007, following a successful legal challenge by an employee who initially had been found ineligible for the early retirement program, the

---

[1] In addition to the complaint itself, we have also relied on the publicly available record of prior state court proceedings with respect to the pension ruling at issue in this case. *See generally Auriemma v. Non-Unif. Pension Bd. of City of Scranton*, No. 2017-CIV-2020, slip op. (Lackawanna Cnty. (Pa.) C.C.P. Oct. 3, 2018) [https://perma.cc/NEY8-LU7M], *aff'd sub nom. Schimes v. City of Scranton Non-Unif. Pension Bd.*, No. 1526 C.D. 2018, 2019 WL 3477059 (Pa. Commw. Ct. Aug. 1, 2019), *allocatur denied per curiam*, 226 A.3d 565 (Pa. 2020). The county prothonotary maintains a publicly available database of civil court records at https://www.lpa-homes.org/LPA_Applications.htm (last visited Mar. 11, 2024). A district court, of course, may properly take judicial notice of such state court records, as well as its own. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 498–99 (3d Cir. 1997); *Pennsylvania v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967).

program was extended to additional, similarly situated City employees. Plaintiff Nagy was among the group of ten City employees to accept this extended early retirement offer.

In the fall of 2014, the Non-Uniform Pension Board—the City agency responsible for overseeing the City's pension plan for non-uniformed employees—received an inquiry about a "double pension" being received by one of these early retirees. An investigation revealed that the board's secretary had advised the pension plan's administrator that the City had passed ordinances authorizing pension benefit increases for these early retirees, but no such ordinances had been properly passed by the City Council.

The state auditor general's office then conducted a review of the pension payments made under this early retirement program. In June 2015, the state auditor general issued a report finding no legal authorization for the "double pension" benefits paid to the early retirees, and recommending that the pension board determine who was actually eligible for the early retirement incentive, whether the pension fund should continue to pay double pension benefits, and whether any amounts previously paid to the retirees should be recouped.

In July 2016, the pension board conducted an administrative hearing in accordance with the Pennsylvania Local Agency Law, 2 Pa. Cons. Stat. Ann. § 101 *et seq.* On February 24, 2017, two hearing officers issued a consolidated recommended disposition, concluding that there was no valid legal foundation for doubling pension payments to the early retirees and that the pension board was entitled to correct the error going forward. But the hearing officers also found that, in the absence of fraud and in light of the economic hardship it would impose, it would be unreasonable for the pension board to seek recoupment of past overpayments from the early retirees. On March 3, 2017, the pension board adopted the hearing officers' recommendations.

Several of the early retirees, including Sharr, Garvey, and Nagy, appealed the agency decision to the county court of common pleas, and the pension board filed a cross-appeal in response. On October 3, 2018, the common pleas court affirmed the pension board's adjudication in full.[2] Sharr, Garvey, and Nagy did not appeal the common pleas court's decision, but another retiree did take an appeal. On August 1, 2019, the Commonwealth Court of Pennsylvania affirmed the common pleas court

---

[2] *See supra* note 1.

decision, and on March 3, 2020, the Supreme Court of Pennsylvania denied a petition for allocator.[3]

Appearing through counsel, the plaintiffs filed the complaint in this action on May 19, 2023. It alleges that, in reducing their monthly pension benefit payments in the manner described above, the City violated their Fourteenth Amendment due process and equal protection rights.

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial

---

[3] *See supra* note 1.

notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## III. DISCUSSION

The plaintiffs' federal civil rights claims are brought under 42 U.S.C. § 1983. The defendant has moved to dismiss these claims on the ground that they are barred by the applicable statute of limitations.

The statute of limitations for a § 1983 federal civil rights claim arising in Pennsylvania is two years. *See Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78–79 (3d Cir. 1989) (citing 42 Pa. Cons. Stat. Ann. § 5524).

The date of accrual of the cause of action in a § 1983 action is determined by federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a cause of action accrues "when the plaintiff knew or should have known of the injury upon which the action is based." *Id.*

Based on the allegations of the complaint, it is clear that the municipal act giving rise to the plaintiffs' due process and equal protection claims is the final administrative decision of the pension board on March 3, 2017, to adopt the recommendations of its designated hearing officers and, going forward, to reduce monthly pension benefit payments to the thirty-five early retirees who had been receiving unauthorized "double pension" monthly benefit payments. At that point, the plaintiffs unquestionably knew of the injury upon which this action is based.[4] This federal civil action, however, was not initiated until more

---

[4] We note that, with respect to the plaintiffs' procedural due process claims, it is generally true that "[a] due process violation 'is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.'" *Alvin v. Suzuki¸* 227 F.3d 107, 116 (3d Cir. 2000) (quoting *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)). After the administrative hearing and the pension board's final decision, rendered on March 3, 2017, the plaintiffs appealed and availed themselves of an opportunity for direct judicial review of that administrative decision afforded to them by the Pennsylvania Local Agency Law. The plaintiffs' appeals resulted in an October 3, 2018, decision by the common pleas
*(continued on next page)*

than six years later on May 19, 2023, and thus it was untimely filed.

The plaintiffs attempt to avoid the limitations bar by invoking the continuing violations doctrine. They contend that each reduced monthly pension benefit payment paid by the City constitutes another in a series of continuing unlawful acts, all of which taken together comprise an ongoing, continuing practice of violating the plaintiffs' equal protection and due process rights.

_____

court affirming the pension board's final administrative decision. One of the other retirees—not a party to this federal civil action—continued to appeal, resulting in an affirmance by the Pennsylvania Commonwealth Court on August 1, 2019, and an order by the Pennsylvania Supreme Court denying discretionary review on March 3, 2020. But these subsequent state court proceedings are not relevant to determining when the plaintiffs' procedural due process claims accrued. The plaintiffs base their challenge on the fairness of process or procedure in the pension board's decision to reduce their monthly pension benefit payments; they do not allege that the subsequent state court litigation was procedurally defective. As the Third Circuit has previously made clear, procedural due process claims such as these accrue when the local agency—the pension board in this case—issues its final administrative decision in the matter, as the plaintiffs have a complete and present cause of action at that time. *See Arezzo v. City of Hoboken*, 719 Fed. App'x 115, 118 (3d Cir. 2018); *Soppick v. Borough of W. Conshohocken*, 118 Fed. App'x 631, 635 (3d Cir. 2004). We further note that, even if we were to consider the plaintiffs' procedural due process claims as having accrued when the state court judicial review proceedings became final, that occurred no later than June 2020, which is still more than two years before the complaint was filed in this federal civil action. *See generally* U.S. Sup. Ct. R. 13.1 (requiring a petition for a writ of certiorari to be filed within 90 days after entry of the judgment for which review is sought).

The continuing violation doctrine creates a "narrow" and "equitable exception to the timely filing requirement." *Tearpock-Martini v. Borough of Shickshinny*, 756 F.3d 232, 236 (3d Cir. 2014); *see also Sterling v. Redevelopment Auth. of City of Philadelphia*, 836 F. Supp. 2d 251, 260 (E.D. Pa. 2011). Under this doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 481 (3d Cir. 2014); *see also Sterling*, 836 F. Supp. 2d at 260. That is, "the court will grant relief for the earlier related acts that would otherwise be time barred." *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001). The doctrine focuses solely on "continual unlawful *acts*, not continual ill effects from an original violation." *Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 423 (3d Cir. 2005) (emphasis added). Only a defendant's "affirmative acts" count. *Tearpock-Martini*, 756 F.3d at 236. "[A] government official's refusal to undo or correct [a] harm is not an affirmative act for purposes of establishing a continuing violation." *Id.* at 236 n.8.

Here, the City's pension board took discrete action on March 3, 2017, when, following an investigation and an administrative hearing, it

formally adopted the recommended findings of its hearing officers and reduced monthly pension benefit payments to the thirty-five early retirees who had been receiving unauthorized "double pension" monthly benefit payments. Those retirees, including the three plaintiffs, may have incurred ongoing *injuries* from the reduction of their monthly pension benefit amount, but the continuing violation doctrine does not extend the limitations period when a plaintiff suffers continuing injury from a discrete act. *See Montanez*, 773 F.3d at 481; *Weis-Buy Servs.*, 411 F.3d at 423; *accord Carroll v. Routh*, 812 Fed. App'x 770, 773 (10th Cir. 2020). The pension board's March 2017 decision to reduce the monthly pension benefit payment amounts and the first such reduced monthly pension benefit payment constituted a discrete and independently actionable act, which triggered the plaintiffs' obligation to assert their rights. The fact that subsequent pension benefit payments were similarly reduced as a result of that earlier agency decision does not make out a continuing violation. *See Montanez*, 773 F.3d at 481; *cf. Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 637 (2007) (rejecting argument that each new paycheck reflecting a loss of seniority as a result of past, time-barred discrimination constituted a continuing violation of employment

discrimination laws); *Menichino v. Citibank, N.A.*, No. 12-0058, 2013 WL 3802451, at *11–12 (W.D. Pa. July 19, 2013) (rejecting argument that each remittance of a monthly mortgage payment constituted a continuing violation of RESPA mortgage closing disclosure obligations); *Casner v. Am. Fed'n of State, Cnty., & Mun. Emps.*, 658 A.2d 865, 871 (Pa. 1995) (rejecting argument that cause of action against union for breach of fair representation was a continuing violation, recommencing with each regular paycheck reflecting reduced pay and benefits).

Moreover, we note the continuing violation doctrine does not apply when the plaintiff is "aware of the injury at the time it occurred." *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 417 n.6 (3d Cir. 2003). The continuing violations doctrine "is not suited to cases . . . where the harm is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress." *Wilson v. Giesen*, 956 F.2d 738, 743 (7th Cir. 1992); *Sterling*, 836 F. Supp. 2d at 260 (quoting *Wilson*). In this case, the plaintiffs were contemporaneously aware of the reduction of their monthly pension benefit payments at the time of the pension board's decision on March 3, 2017. Despite this knowledge, the plaintiffs failed to commence this

federal civil rights action in a timely fashion.[5]

Accordingly, the plaintiffs' § 1983 claims arising out of the pension board's March 2017 decision to reduce their monthly pension benefit payment amounts are barred by the applicable two-year statute of limitations.

## IV. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss will be granted. This action will be dismissed for failure to state a claim upon which relief can be granted. Moreover, the action will be dismissed without leave to amend as it is clear from the facts alleged and judicially noticed that any amendment would be futile.

An appropriate order follows.

Dated: March 13, 2024                      *s/Joseph F. Saporito, Jr.*
                                          JOSEPH F. SAPORITO, JR.
                                          Chief United States Magistrate Judge

---

[5] We note, however, that these plaintiffs do appear to have asserted substantive and procedural due process claims in the state court proceedings. *See Auriemma*, slip op. at 23–32, *supra* note 1. Of course, this suggests that, even if it were not time-barred, this action might be barred by the doctrine of res judicata or by defensive collateral estoppel.